```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
STANISLAW KOPEC, GUILLERMO VIRI,          **NOT FOR PRINT OR**
LUIS LANDI, NELSON VIRI (individually     **ELECTRONIC PUBLICATION**
and on behalf of all others similarly
situated),                                **MEMORANDUM & ORDER**
                                          09-CV-2187(KAM)(ALC)
                Plaintiffs,

        -against-

GMG CONSTRUCTION CORP.,
MAIUSZ GIZA, GRZEGORZ GIZA,

                Defendants.
-----------------------------------X
```

**MATSUMOTO, United States District Judge:**

Pro se defendant Grzegorz Giza ("defendant") brings this motion to vacate the default judgment entered against him by this court on October 1, 2010. Defendant argues that service of process was improper and, thus, the court lacked personal jurisdiction over him. Plaintiffs oppose the motion. For the reasons set forth below, defendant's motion to vacate is granted.

## BACKGROUND

Plaintiffs filed a complaint against defendants GMG Construction Corp., Maiusz Giza, and Grzegorz Giza on May 22, 2009, alleging, inter alia, that defendants failed to pay plaintiffs minimum wage and overtime compensation as required by

the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq., the New York Minimum Wage Act, New York Labor Law § 650 et seq., and New York Labor Law § 190 et seq. (See ECF No. 1, Complaint, dated 05/22/2009 ("Compl.") at ¶¶ 1-2.) Defendants failed to answer the complaint, and, on September 17, 2009, plaintiffs moved for entry of default. (See ECF No. 9, Request for Entry of Default, dated 09/17/2009.)

On January 27, 2010, the Clerk of Court entered a notation of default against all three defendants. (ECF No. 11, Notation of Default, dated 01/27/2010). The court referred to Magistrate Judge Carter plaintiffs' motion for entry of default judgment. (See Order Referring Motion, dated 04/05/2010.) On September 10, 2010, Magistrate Judge Carter issued a Report and Recommendation recommending entry of a default judgment against all three defendants. (ECF No. 19, Report and Recommendation, dated 09/10/2010.) This court adopted Magistrate Judge Carter's Report and Recommendation as the opinion of the court on September 30, 2010 (ECF No. 21, Order Adopting Report and Recommendation, dated 09/30/2010), and, on October 1, 2010, the Clerk of Court entered a default judgment against all three defendants in the amount of $213,002.42,[1] (ECF No. 23, Judgment, dated 10/01/2010).

---

[1] Defendants GMG Construction Corp. and Maiusz Giza have not joined defendant Grzegorz Giza's motion to vacate, so the default judgment is still in effect as to them.

On October 25, 2010, defendant Grzegorz Giza filed the instant motion to vacate the default judgment against him. (ECF No. 24-2, Motion to Set Aside/Vacate Judgment Due to Lack of Personal Jurisdiction, dated 10/25/2010.)

**DISCUSSION**

**I. Standard of Review**

Pursuant to Fed. R. Civ. P. 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . [if] (4) the judgment is void." Fed. R. Civ. P. 60(b). A judgment is void where personal service of the summons and complaint was not properly effected. Sartor v. Toussaint, No. 01-9194, 2002 WL 32127283, at *2 (2d Cir. Sept. 6, 2002) ("Sartor I"), remanded sub nom. Sartor v. Utica Taxi Ctr., Inc., 260 F. Supp. 2d 670 (S.D.N.Y. 2003) ("Sartor II"); Triad Energy Corp. v. McNell, 110 F.R.D. 382, 385 (S.D.N.Y. 1986). A void judgment cannot be enforced. See Sartor I, 2002 WL 32127283, at *2; Textile Banking Co., Inc. v. Rentschler, 657 F.2d 844, 850 (7th Cir. 1981); Popper v. Podhragy, 48 F. Supp. 2d 268, 271 (S.D.N.Y. 1998); Triad Energy Corp., 110 F.R.D. at 384.

**II. Applicable Law**

Pursuant to Fed. R. Civ P. 4(e)(1), an individual may be served with a summons and complaint by "following state law

3

for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ."[2] Fed. R. Civ. P. 4(e)(1). This action was brought in the Eastern District of New York. Thus, if service of process was proper under New York law, then Rule 4(e)(1) is satisfied, and the default judgment entered against defendant is not void for lack of personal jurisdiction.

Pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") § 308(4), an individual may be served:

> by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . .[3]

N.Y. C.P.L.R. § 308(4). The statute, however, permits "nail and mail" service only where personal delivery, see N.Y. C.P.L.R. § 308(1),[4] and "deliver and mail" service, see N.Y. C.P.L.R.

---

[2] In the alternative, Fed. R. Civ P. 4(e)(2) provides three permissible methods of service independent of state law. None of these methods were utilized in the instant case.

[3] This method of service has commonly been referred to as "nail and mail" or "affix and mail" service. United States v. Arena, No. CV 02-5216, 2007 WL 2907492, at *2 (E.D.N.Y. Aug. 24, 2007).

[4] C.P.L.R. § 308(1) permits service "by delivering the summons within the state to the person to be served."

§ 308(2),[5] cannot be effected on the defendant with "due diligence."  C.P.L.R. § 308(4).[6]

"The due diligence requirement of C.P.L.R. § 308(4) should be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received." Moran v. Harting, 622 N.Y.S.2d 121, 122 (2d Dep't 1995).  "[I]n determining the question of whether due diligence has been exercised, no rigid rule [can] properly be prescribed."  Barnes v. City of New York, 434 N.Y.S.2d 991, 992 (1980) ("Barnes II"). Courts generally look to the "quality of the efforts made to effect personal service," as opposed to the "quantity or frequency" of those attempts.  Barnes v. City of New York, 416 N.Y.S.2d 52, 54 (2d Dep't 1979) ("Barnes I") (citation omitted), aff'd, 434 N.Y.S.2d 991 (1980).

Factors used by courts to determine whether due diligence has been satisfied include: whether attempts at a defendant's residence were made at times when it could

---

[5] C.P.L.R. § 308(2) permits service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ."

[6] While C.P.L.R. § 308(1) and (2) refer to delivery of the summons "within the state," C.P.L.R. § 313 authorizes service on defendants outside of New York in the same manner as service is to be made within New York ("A person . . . subject to the jurisdiction of the courts of the state under section 301 or 302, or his executor or administrator, may be served with the summons without the state, in the same manner as service is made within the state . . . .").

5

reasonably be expected that the defendant would be home and not at work or in transit, see Barnes I, 416 N.Y.S.2d at 53-54, whether the attempts were made at varying times on different days, see Spath v. Zack, 829 N.Y.S.2d 19, 20-21 (1st Dep't 2007), whether at least one of the attempts was made on a weekend, see id. at 21; Johnson v. Waters, 738 N.Y.S.2d 369, 370 (2d Dep't 2002), and whether the process server made inquiries as to the defendant's whereabouts, see Spath, 829 N.Y.S.2d at 21.

In addition, in considering whether a plaintiff exercised due diligence, New York courts have considered, but have not reached a consensus on, whether a service attempt at the defendant's place of employment, after failed attempts at the defendant's residence, is required. Compare McSorley v. Spear, 854 N.Y.S.2d 759, 761 (2d Dep't 2008) (due diligence lacking where process server made no attempt to ascertain defendant's place of business), and Pizzolo v. Monaco, 588 N.Y.S.2d 910, 910 (2d Dep't 1992) (due diligence lacking where defendant's place of employment was "easily ascertainable" but process server failed to make an attempt there), with Rodriguez v. Khamis, 608 N.Y.S.2d 486 (2d Dep't 1994) (due diligence satisfied on three attempts at defendant's residence, despite lack of an attempt at defendant's place of employment).

**III. Application**

The process server here made three attempts to serve defendant at his New Jersey residence: Wednesday, June 10, 2009, at 7:45 a.m.; Thursday, June 11, 2009, at 6:57 p.m.; and Friday, June 12, 2009, at 7:00 p.m. (ECF No. 5-2, Affidavit of Service, dated 09/08/2009 ("Aff.").) The process server also verified with a neighbor that the address she was visiting was defendant's address. (Id.) On June 12, 2009, after the third unsuccessful attempt to serve defendant personally or deliver the summons and complaint to "a person of suitable age and discretion" at defendant's residence, C.P.L.R. § 308(2), the process server affixed the summons and complaint to the door of defendant's residence and mailed another copy of the summons and complaint to defendant's residence via first class mail. (Id.) The affidavit of service does not indicate whether the process server ever inquired as to defendant's whereabouts or attempted to ascertain the address of or serve defendant at his place of employment. (See id.)

As set forth above, C.P.L.R. § 308(4) permits "nail and mail" service only if service was first attempted pursuant to C.P.L.R. § 308(1) and C.P.L.R. § 308(2) "with due diligence." C.P.L.R. § 308(4). The court finds that, here, the process server's attempts to serve defendant personally prior to resorting to "nail and mail" service were insufficient to

7

constitute due diligence pursuant to C.P.L.R. § 308(4). The process server made only three attempts, all on consecutive weekdays, and none earlier than 7:45 a.m. or later than 7:00 p.m. These attempts are insufficient. See McSorley, 854 N.Y.S.2d at 760 (due diligence not satisfied where three weekday attempts occurred at 7:52 a.m., 6:55 p.m., and 11:45 a.m.); O'Connell v. Post, 811 N.Y.S.2d 441, 442 (2d Dep't 2006) (due diligence not satisfied where two weekday attempts occurred at 6:16 p.m. and 7:45 a.m.).

Moreover, unlike in State Higher Educ. Servs. Corp. v. Sparozic, 826 N.Y.S.2d 493, 496 (3d Dep't 2006) (due diligence satisfied where two weekday attempts were made on consecutive days at 7:30 a.m. and 7:15 p.m., respectively, and a third was made two weeks later at 10:10 a.m.), which the Appellate Division noted was a "very close case," id., the attempts here were made on consecutive work days, as opposed to being spread out over the course of a few weeks. See also Sartor II, 260 F. Supp. 2d at 672 (due diligence satisfied where second weekday attempt was made five days after the first, and a third weekday attempt was made four weeks after the second).

Nor did the process server make a service attempt on a weekend. See Johnson, 738 N.Y.S.2d at 370 (emphasizing an attempt at service on a Saturday in finding due diligence);

Spath, 829 N.Y.S.2d at 21 (noting the absence of a weekend attempt in finding a lack of due diligence).

Finally, while an attempt at a defendant's place of employment is not a strict requirement under C.P.L.R. § 308(4), it is notable that the process server here failed to make any attempt to ascertain defendant's business address. See Pizzolo, 588 N.Y.S.2d 910, 911 (2d Dep't 1992) (due diligence lacking where defendant's place of employment was "easily ascertainable" but process server made no attempt there); see also Matos v. Knibbs, 588 N.Y.S.2d 911, 912 (2d Dep't 1992) (finding due diligence satisfied but distinguishing Pizzolo on the ground that, in Matos, the defendant's business address was not "readily ascertainable"). A cursory review of the complaint would have revealed that the present suit concerned defendant's actions in his capacity as an employee of defendant GMG Construction Corp., the address of which was indicated on page three of the Complaint. (See Compl. ¶¶ 8, 11.)[7]

---

[7] Although the process server did verify defendant's address with one of defendant's neighbors, (Aff.), this does not save the insufficient process. In Barnes I, where the Appellate Division's finding of a lack of due diligence was affirmed by the New York State Court of Appeals, see Barnes II, 434 N.Y.S.2d 991 (1980), the plaintiff's process server had also verified the plaintiffs' address with a neighbor and even (unsuccessfully) inquired as to the plaintiffs' whereabouts. Barnes I, 416 N.Y.S.2d at 53. Similarly here, the process server's verification of defendant's address with a neighbor is not dispositive, and the process server's affidavit does not indicate that she tried to determine defendant's whereabouts when she was unable to serve defendant at his residence. (See Aff.); see also Spath, 829 N.Y.S.2d at 21 (due diligence lacking where process server made no inquiry as to defendant's whereabouts).

9

For the aforementioned reasons, "nail and mail" service was not authorized under C.P.L.R. § 308(4), and service of process was not proper under New York law. Because service was not properly effected under Rule 4(e), the judgment against defendant is void and must be vacated pursuant to Rule 60(b)(4).[8]

Because the court grants defendant's Rule 60(b)(4) motion, the court need not address defendant's other contentions.

**CONCLUSION**

For the reasons set forth above, defendant's motion to vacate the default judgment against him is granted. The court respectfully requests that the Clerk of Court vacate the default judgment against defendant Grzegorz Giza and, upon the request of plaintiffs, issue a new summons directed to plaintiff Giza. The court directs plaintiffs to make two more attempts to serve defendant at defendant's residence, on days and times when it can reasonably be expected that defendant will be home and not at work or in transit, and/or at defendant's place of employment, if known to plaintiffs. If plaintiffs are unable to serve defendant by July 31, 2011 pursuant to C.P.L.R. § 308(1) and/or C.P.L.R. § 308(2), plaintiffs shall seek an order

---

[8] That defendant may have had actual notice of the pending suit against him or her is irrelevant if the service of process is defective. Raschel v. Rish, 512 N.Y.S.2d 22, 24 (1986).

authorizing plaintiffs to serve defendant under C.P.L.R. § 308(4).

**SO ORDERED.**

Dated: July 6, 2011
      Brooklyn, New York

                                                  _____/s/_____
                                                  KIYO A. MATSUMOTO
                                                  United States District Judge
                                                  Eastern District of New York